# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2013V
UNPUBLISHED

| | |
|---|---|
| MARYAH BETHEL,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: November 18, 2022<br><br>Motion for decision; Dismissal;<br>Human papillomavirus ("HPV")<br>vaccine; fibromyalgia |

*Andrew D. Downing*, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner.

*Heather L. Pearlman*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On October 13, 2021, Maryah Bethel filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act"). Petitioner alleged that she developed fibromyalgia from a human papillomavirus ("HPV") vaccine she received on November 16, 2018. ECF No. 1.

On August 29, 2022, Petitioner filed a motion for a decision dismissing the petition. ECF No. 15. For the reasons set forth below, Petitioner's motion is **GRANTED**, and this case is **DISMISSED**.

Petitioner only filed a declaration with the petition. The PAR Initial Order required Petitioner to file additional statutorily required documents. ECF No. 5. On October 25, 2021, Petitioner filed some medical records. ECF No. 6. Petitioner filed a Statement of Completion on December 9, 2021. ECF No. 10.

On July 17, 2022, Petitioner filed a notice of intent to withdraw the petition. ECF No. 13. Petitioner's request to withdraw her petition was denied because it was untimely filed. ECF No. 14.

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 29, 2022, Petitioner filed a motion for a decision dismissing the petition stating that:

> [She] has made the choice that she would like to opt out of the Vaccine Program in advance of a Court ruling on entitlement. She wishes to pursue a third-party action in district court against Merck directly. This choice should not be viewed in any way that Petitioner does not believe in the merits of her claim or that her injuries are not a result of Gardasil.

ECF No. 15 at 1-2. However, Petitioner admitted that she "does not believe she will be able to prove that she is entitled to compensation in the Vaccine Program." *Id.* at 2.

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the listed vaccines, or 2) that the vaccinee suffered an injury not on the Table that was actually caused by a listed vaccine. *See* §§ 300aa—13(a)(1)(A) and 11(c)(1). Petitioner alleged a non-Table claim, i.e., that her fibromyalgia was actually caused by the HPV vaccination.

Under the Vaccine Act, a petitioner may not receive compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). For a non-Table claim, a petitioner must satisfy all three of the elements established by the Federal Circuit in *Althen v. Sec'y of Health & Hum. Servs.*, 418 F.3d 1274, 1278 (2005): "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of proximate temporal relationship between vaccination and injury."

Petitioner has not submitted sufficient evidence to establish the Althen prongs, such as an expert report proposing a medical theory. Moreover, Petitioner admitted in her motion for a decision that she will not be able to establish entitlement to compensation.

Thus, Petitioner has failed to establish entitlement to compensation in the Vaccine Program. **This case is dismissed for insufficient proof. The clerk shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

                                                  **s/Brian H. Corcoran**
                                                  Brian H. Corcoran
                                                  Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."